UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANKIE CANCEL,

                Plaintiff,

- against -

THE HOME DEPOT U.S.A. INC.; JOHN/JANE
DOE(S), HOME DEPOT EMPLOYEE(S); and
TIM CROW, VICE PRESIDENT AND
MANANGER OF HUMAN RESOURCES,

                Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
10-CV-0846 (RRM)(LB)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

Plaintiff Frankie Cancel ("Cancel") brings this action against defendants Home Depot U.S.A., Inc. ("Home Depot"); John/Jane Doe(s), Home Depot employees; and Vice President and Manager of Human Resources Tim Crow ("Crow") (collectively "defendants"). He alleges discrimination and retaliation based on race under 42 U.S.C. § 1981; unlawful conspiracy to violate his civil rights in contravention of 42 U.S.C. §§ 1985(2)-(3); and state law claims for negligence, breach of contract, tortious interference with an employment contract, negligent infliction of emotional distress, and discrimination under New York Executive Law §§ 290, 296(15), New York Correct. Law § 750, and New York City Administrative Code § 8-107(10)(a). Currently before this Court is defendants' motion to dismiss for failure to state claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) as to all defendants, and a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction as to Crow. For the reasons set forth below, defendants' motion to dismiss pursuant to 12(b)(6) is GRANTED as to the alleged federal violations, and Cancel's asserted state law claims are DISMISSED without prejudice.

## BACKGROUND

On a motion to dismiss, the Court must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). The following facts are either undisputed or described in the light most favorable to the Plaintiff. *See Capobianco v. City of N.Y.*, 422 F.3d 47, 50 n.1 (2d Cir. 2001).

Cancel, "a Black Hispanic Latino . . . was convicted of felony manslaughter" in 1992. (Compl. (Doc. No. 11) ¶ 18.) Subsequent to conviction, Cancel completed, and later helped facilitate, various treatment programs in an attempt to rehabilitate himself. (*Id.* ¶¶ 22-24.) He also earned an Associate's degree from the City University of New York, LaGuardia Community College, and a Bachelor of Science degree from St. John's University. (*Id.* ¶¶ 26-27.)

On or about April 9, 2007, Cancel was offered a position with Home Depot's mill department, explicitly conditioned upon a drug test and background check. (*Id.* ¶¶ 37-38, 43.) Though Cancel passed the drug test, Home Depot revoked the offer of employment upon learning of Cancel's felony manslaughter conviction during the background check. (*Id.* ¶¶ 39, 42.)

Cancel commenced the instant action on February 22, 2010. After defendants' responsive letter of April 8, 2010, indicating their intention to move for dismissal, Cancel filed an Amended Complaint on May 4, 2010. (*Id.*)

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency

of a complaint. As required by Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). A court considering a 12(b)(6) motion must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2d Cir. 2007)).

While *pro se* plaintiffs must satisfy these pleading requirements, federal courts are "obligated to construe a *pro se* complaint liberally." *See Harris*, 572 F.3d at 71-72 (citations omitted). In other words, trial courts hold *pro se* complaints to a less exacting standard than they apply to complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Boykin*, 521 F.3d at 213-14 (citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citation and internal quotation marks omitted). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, however, the court should not hesitate to dismiss his complaint. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

Under 28 U.S.C. § 1915(e)(2)(B), this Court is required to dismiss a complaint, filed *in forma pauperis*, if it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when, *inter alia,* it is based on an "indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law," or when "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). As under the 12(b)(6) standard, Cancel's *pro se* status obligates this Court to read his papers liberally and to interpret them as raising the strongest arguments they suggest. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted); *Burgos v. Hopkins*, 14

F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this Court must grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## **DISCUSSION**

### I. 42 U.S.C. §1981

Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)). To successfully state a claim under 42 U.S.C. § 1981, a plaintiff must allege that he is "a member of a racial minority, that defendant intended to discriminate on the basis of race, and that discrimination concerned one or more [protected] activities enumerated in § 1981." *Campbell v. Grayline Air Shuttle, Inc.*, 930 F. Supp. 794, 802 (E.D.N.Y. 1996). It is fundamental to the success of a § 1981 claim that the Plaintiff allege discriminatory intent. *Hill v. Rayboy-Brauestein*, 467 F. Supp. 2d 336, 368 (S.D.N.Y. 2006). Though Cancel alleges generally that defendants intended to discriminate on the basis of his race, he does so by arguing that Home Depot's policy against hiring individuals with criminal histories effectively creates a policy of racial discrimination.

A. Racial Discrimination

Cancel's first claim under § 1981 is that defendants discriminated against him because he is an ex-offender, in effect discriminating against him on the basis of race. (Compl. ¶ 48.) He points out that minorities are imprisoned in disproportionately high numbers and posits that, as a result of this inequity, discrimination against ex-offenders is tantamount to discrimination against minorities. (*Id.* ¶¶ 15, 17, 20.) Essentially, though

5

Cancel claims that the racial discrimination was "intentional," this intentional discrimination exists solely because discriminating against ex-offenders disparately impacts racial minorities. (*Id.* ¶ 34.)

Thus, plaintiff makes a claim based on racial discrimination by disparate impact, which is simply not cognizable under 42 U.S.C. § 1981. *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982) (holding that "§ 1981 . . . can be violated only by purposeful discrimination" and not by "practices that [are] neutral on their face . . . but that ha[ve] the incidental effect of disadvantaging blacks to a greater degree than whites." (citations and internal quotation marks omitted)). Further, Cancel fails to allege any facts supporting his contention that Home Depot engaged in intentional discrimination based on race or national origin, by showing, for example, that "similarly situated" non-minorities and minorities were treated in a different manner. *Lumhoo v. Home Depot, U.S.A., Inc.*, 229 F. Supp. 2d 121,140 (E.D.N.Y. 2002).

Granting Cancel leave to replead this claim would be futile. The crux of Cancel's argument is that Home Depot's policy against hiring ex-offenders results in impermissible discrimination against minority racial groups. Inherent in his claim is the concept of disparate impact on racial minorities based on a facially neutral policy, which is not a recognized avenue of relief under 42 U.S.C. § 1981. *Gen. Bldg. Contractors Ass'n*, 458 U.S. at 391. Cancel cannot successfully plead his claim under § 1981. This claim fails as a matter of law.

  B. <u>Retaliation</u>

Cancel's second claim under §1981 is that defendants intentionally retaliated against him on the basis of his previous criminal conviction. (Compl. ¶ 49.) To state a

claim for retaliation, "a plaintiff must show (1) he was engaged in a protected activity; (2) his employer was aware of that activity; (3) he suffered a materially adverse action; and (4) there was a causal connection between the protected activity and the adverse employment action." *Hargett v. N.Y.C. Transit Auth.*, 640 F. Supp. 2d 450, 480 (S.D.N.Y. 2009).

Cancel hypothesizes that the adverse employment action occurred solely due to his involvement as a party in a previous criminal matter in New York state court. (Compl. ¶ 49.) This claim fails as a matter of law because being a party in a previous matter is not a protected activity under § 1981. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000). Cancel does not allege that defendants "intended to discriminate on the basis of race" with respect to the withdrawal of his conditional employment offer. *Campbell*, 930 F. Supp. at 802. Again, amendment would be futile, because the activity Cancel seeks to vindicate is simply not protected under § 1981.

Accordingly, defendants' motion to dismiss with respect to Cancel's § 1981 claims is GRANTED.

**II.     42 U.S.C. §§ 1985(2) & (3)**

Cancel brings claims under 42 U.S.C. §§ 1985(2) and (3) alleging the existence of a conspiracy to interfere with the employment contract between Cancel and Home Depot with the aim of discriminating against Cancel, thus denying him "the equal protection of the law." 42 U.S.C. §§ 1985(2)-(3) (2006); (Compl. ¶¶ 53, 55).

To state a claim for conspiracy under 42 U.S.C. § 1985, a Plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons equal protection of the laws; and (3) an act in furtherance of conspiracy; (4) whereby a person

7

is either injured in his person or property or deprived of any right or privilege of a U.S. citizen. *See Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394 (E.D.N.Y. June 2, 2010). To survive a motion to dismiss, a plaintiff must set forth "specific factual allegations" regarding the conspiracy. *Vertical Broad., Inc. v. Town of Southampton*, 84 F. Supp. 2d 379, 389-90 (E.D.N.Y. 2000). Further, the plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord,* 340 F.3d 105, 110 (2d Cir. 2003). Complaints containing only "conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights" will be dismissed. *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (per curiam) (internal quotation marks omitted).

It is essential to a conspiracy claim that there exist "two or more persons . . . [to] conspire." 42 U.S.C. §§ 1985(2)-(3) (2006). Here, Cancel's conspiracy claim is barred by the intracorporate conspiracy doctrine, which holds that "the officers, agents, and employees of a single corporate . . . entity, each acting within the scope of [their] employment, are legally incapable of conspiring with each other." *Crews v. Cnty. of Nassau*, No. 06-CV-2610, 2007 WL 4591325, at *12 (E.D.N.Y. Dec. 27, 2007); *see also Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978) ("[T]here is no conspiracy [under § 1985] if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own . . . employees, each acting within the scope of his employment."). The persons Cancel claims conspired – Tim Crow, John/Jane Doe(s), and members of the Special Leadership Team (SLT) responsible for Home Depot's policies, practices, and daily operations – are indisputably Home Depot

employees. (Compl. ¶¶ 53, 31.) Cancel does not allege that the individual defendants were acting outside the scope of their employment, for which he would have to show that they were "acting in their personal interests, wholly and separately from the corporation." *Bhatia v. Yale Univ.*, No. 06 Civ. 1769, 2007 U.S. Dist. LEXIS 73849, at *4-5 (D. Conn. Sept. 30, 2007) (citing *Tardd v. Brookhaven Nat'l Lab*, 407 F. Supp. 2d 404, 414 (E.D.N.Y. 2006)).

Cancel's conspiracy claim is therefore barred as a matter of law and defendants' motion to dismiss his conspiracy claims is GRANTED.

### III. State Law Claims

In light of the dismissal of Cancel's federal claims, this Court declines to exercise supplemental jurisdiction over the state law claims asserted. Pursuant to 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over state claims after the dismissal of all claims over which it had original jurisdiction. Moreover, though the doctrine is permissive, the Second Circuit has held that "the scope of the district court's discretion "is not boundless." *Valencia v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (whether to exercise supplemental jurisdiction is left to the discretion of the district court). Instead, justification for exercising supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise

9

jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1998).

These remaining claims require interpretation of state and municipal law alone, and are thus more appropriately determined in a state forum in the interests of comity and efficiency. *See Carnegie-Mellon Univ.*, 484 U.S. at 357; *Gibbs*, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial…the state claims should be dismissed as well."); *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (finding dismissal of state law claims proper since it would "be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction.").

## **CONCLUSION**

Defendants' motion to dismiss [Doc. No. 26] is GRANTED as to Cancel's §§ 1981 and 1985 claims. Cancel's remaining state law claims are DISMISSED without prejudice. The Clerk of Court shall enter judgment accordingly, send a copy of said judgment and this Order to Plaintiff *pro se*, and close this case.

SO ORDERED.

Dated: Brooklyn, New York
      August 24, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge